BURTON E. MOORE *vs.* LUCY GIDDINGS.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An action to recover damages for false representations concerning the acreage of land sold, was treated by the trial court as an action for a breach of warranty, and judgment rendered for the plaintiff. *Held* that this misconception entitled the defendant to a new trial, especially as at least one of the features of actionable fraud—the plaintiff's right under all the circumstances to rely upon the representations—was not found.

This court, in dealing with a finding, will be cautious about making implications of fact which lie outside the range or scope of inquiry pursued by the trial court.

Argued October 4th—decided November 11th, 1904.

ACTION to recover damages for false representations respecting the acreage of a farm sold by the defendant to the plaintiff, brought to and tried by the Court of Common Pleas in Litchfield County, *Welch, J. ;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and new trial granted.*

*Richard T. Higgins,* for the appellant (defendant).

*Samuel A. Herman* and *Thomas F. Ryan,* for the appellee (plaintiff).

PRENTICE, J. The defendant, an aged woman residing in Winchester, was in 1898 the owner of a farm, unincumbered and without buildings, situated in Hartland. The plaintiff, a real-estate agent, desiring the farm, applied to her for its purchase. An agreement for the sale was then entered into and a conveyance afterwards made. The consideration paid was the plaintiff's note for $300 secured by a mortgage back. The complaint alleges that the plaintiff was induced to make the purchase and accept the conveyance by the defendant's false and fraudulent representations, upon which he relied, that the place contained 350 acres more or less, or substantially 350 acres, whereas in fact it contained only 132 acres. These allegations the court found true, save an immaterial difference in the matter of actual acreage, and rendered judgment for the plaintiff to recover $480.

It is not claimed that the plaintiff failed to receive the precise land for which he negotiated. The litigation arises solely out of the claimed fraudulent misrepresentations concerning the measurement of that which was negotiated for and conveyed. The deed correctly bounds the land, and adds the words " containing 350 acres more or less." The

deed as originally prepared described the land as containing 300 acres more or less. The plaintiff refused to accept it in that form, and at his request it was changed before delivery to read as now appears. The court was unable to find whether this change was made after execution or before, and also whether or not it was made with the defendant's knowledge.

The court having found the facts drew therefrom the following conclusions: (1) that the deed, in connection with the representations and statements, constituted a warranty that the farm contained the stated acreage; (2) that the representations and statements were falsely and fraudulently made with intent to defraud the plaintiff; and (3) that there was substantially the deficiency in acreage complained of, and rendered its judgment. The first of the defendant's claims of law was " that the deed signed and executed by the defendant, and subsequently changed and altered in her absence and without her knowledge and consent, was not the deed of the defendant and was not such a deed as would entitle the plaintiff to claim damages for a breach of the covenants of warranty therein contained." This claim the court specifically overruled, for the reason that it contained an incorrect recital of the facts. The defendant's other claims of law were overruled generally.

It is reasonably clear from these facts, and others disclosed by the finding, that the court regarded the complaint as one for a breach of warranty, and the right of action established as one of that character. In this the court was in error. The complaint is one for false representations and deceit, and the cause of action sought to be proven, and in fact proven, in so far as any was proven, was of that nature. This plaintiff's counsel not only concedes, but in his effort to justify the judgment emphasizes. He says that the action is one of fraud, and that the fraud alleged was found and judgment rendered therefor and for nothing else. In aid of his contention he points out that the court has found the misrepresentations, that they were made fraudulently and with the intent of inducing the plaintiff to purchase, that the latter be-

lieved and relied upon them, and that being induced thereby he purchased. This is quite true, but it does not appear that the court found these facts in their relation to actionable fraud and with the essential elements of such fraud in mind. It appears that the court examined the evidence and stated its finding with respect to the bearing of the facts upon an action for a breach of warranty, and not with respect to their bearing upon an action of fraud. It cannot therefore be safely assumed that the examination was made and the conclusions reached and stated with a due regard for such a feature of actionable fraud, for instance, as the plaintiff's right to rely upon the representations under all the circumstances attending the situation. It is one thing to say that reliance was placed upon them, and quite another that such reliance was justified by the situation. In the present case reliance is found. Justification for the reliance, however, is not found, and any attempt to import the finding of such a fact into the language used would be unwarranted in view of the purpose for which it was used. Implications quite outside the scope of the court's field of inquiry and its purpose in expression would quite likely work injustice. It is unnecessary to pursue these considerations further than we have to show that harm would quite probably be done the defendant if the judgment rendered was to be supported upon the ground contended for by the plaintiff.

The other assignments of error need not be considered, as the questions involved may not again arise.

There is error and a new trial is granted.

In this opinion the other judges concurred.